**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

MOUNIR KUBLAWI,                )
                               )   3:07-cv-00208-LRH-VPC
            Plaintiff,         )
                               )
    vs.                        )   **REPORT AND RECOMMENDATION**
                               )   **OF U.S. MAGISTRATE JUDGE**
                               )
DOUGLAS GALLASPIE,             )
                               )   June 1, 2009
            Defendants.        )
_____)

This Report and Recommendation is made to the Honorable Larry R. Hicks, United States District Judge. The action was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and LR IB 1-4. Before the court is defendant's motion to dismiss (#19). Plaintiff opposed (#21), and defendant replied (#22).[1] For the reasons stated below, the court recommends that defendants' motion to dismiss (#19) be granted.

**I. HISTORY & PROCEDURAL BACKGROUND**

Plaintiff Mounir Kublawi ("plaintiff") is currently incarcerated by the Nevada Department of Corrections ("NDOC") at Northern Nevada Correctional Center ("NNCC") (#11). Plaintiff brings this action pursuant to 42 U.S.C. § 1983, alleging that defendant violated his Eighth and Fourteenth Amendment rights while he was held at Clark County Detention Center. ("CCDC") *Id*. Plaintiff names as a defendant Douglas Gillespie,[2] Sheriff of Clark County, and brings his claims against Gillespie in his official capacity only. *Id*.

Plaintiff's complaint includes one count of alleged constitutional violation. Plaintiff states that in February 2006, he was hit by a car and suffered a head injury. *Id*. p. 3. Plaintiff was taken to Desert Springs Hospital and suffered memory problems after the accident. *Id*. Plaintiff was

---

[1] Plaintiff also filed a response to defendant's reply (#23). However, Local Rule 7-2 does not allow for a response to a reply. Therefore, plaintiff's additional response (#23) is stricken.

[2] Improperly named in the complaint as Douglas Gallaspie.

held at CCDC From March 2006 through December 2006. *Id*. Plaintiff alleges that he submitted numerous medical kites and grievances to CCDC staff. However, CCDC staff continually and intentionally disregarded and ignored plaintiffs medical complaints. *Id*. p. 4. Such disregard has caused plaintiff to suffer from constant memory problems. *Id*. Plaintiff states that he is not seeking compensatory damages; rather, he is seeking an examination by a neurologist and a brain scan or MRI. *Id*.

The court notes that the plaintiff is proceeding *pro se*. "In civil cases where the plaintiff appears *pro se*, the court must construe the pleadings liberally and must afford plaintiff the benefit of any doubt." *Karim-Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 623 (9th Cir. 1988); *see also Haines v. Kerner*, 404 U.S. 519, 520-21 (1972).

## II. DISCUSSION & ANALYSIS

**A.     Discussion**

**1.     Motion to Dismiss Standard**

When considering a motion to dismiss for failure to state a claim upon which relief can be granted, all material allegations in the complaint are accepted as true and are construed in the light most favorable to the non-moving party. *Barnett v. Centoni*, 31 F. 3d 813, 816 (9th Cir. 1994); *Russell v. Landrieu*, 621 F.2d 1037, 1039 (9th Cir. 1980). For the movant to succeed, it must appear beyond doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief. *Barnett*, 31 F. 3d at 816; *see also Rothman v. Vedder Park Mgt.*, 912 F.2d 315, 316 (9th Cir. 1990).

Under section 1983, a plaintiff must allege that (1) defendants subjected him to the deprivation of a right, privilege or immunity guaranteed by the U.S. Constitution or U.S. law, and (2) that the defendant acted under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *see also Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991). "'Conclusionary allegations, unsupported by facts, [will be] rejected as insufficient to state a claim under the Civil Rights Act.'" *Jones v. Community Redevelopment Agency*, 733 F.2d 646, 649 (9th Cir. 1984) (quoting *Sherman v. Yakahi*, 549 F.2d 1287, 1290 (9th Cir. 1977)). However, "the federal rules require only 'a short and plain statement of the claim showing that the pleader is entitled to relief.'"

1  *Gilligan v. Jamco Development Corp.*, 108 F.3d 246, 249 (9th Cir. 1997) (*citing* Fed.R.Civ.P.
2  8(a)). The issue on a motion to dismiss is not whether the plaintiff will ultimately prevail, but
3  whether the plaintiff is entitled to offer evidence to support the claims. *Id*., *citing Scheuer v.*
4  *Rhodes*, 416 U.S. 232, 236 (1974).

5      **B.**     **Analysis**
6           **1.**     **Personal participation of Sheriff Gillespie**

7      Defendant argues that plaintiff's complaint should be dismissed because it fails to state a
8  claim upon which relief can be granted (#19, p. 3). Specifically, defendant claims that he was not
9  personally involved in any medical care plaintiff received or any medical decisions regarding
10 plaintiff's care, and that plaintiff has not alleged that he "personally acted to cause a violation of
11 Plaintiff's Constitutional rights by allegedly denying medical care." *Id*. p. 3-4. As there is no
12 *respondeat superior* liability under 42 U.S.C. § 1983, defendant cannot be liable unless he was
13 personally involved in the deprivation of plaintiff's rights. *Id*. p. 4.

14     Plaintiff responds that despite filing numerous medical requests and grievances at CCDC,
15 he was completely ignored (#21). Plaintiff states: "The Department of Correction[s] did not feel
16 responsible, but felt it's (sic) Clark County and whoever kept the Plaintiff in custody without
17 treatment are responsible. Regretably (sic), legally it's CCDC staff, the County, and the Sheriff,
18 Mr. Gillespie by his capacity as Sheriff of Clark County are directly responsible." *Id*. p. 2.

19     Defendant replies that plaintiff has still "failed to provide any clarification as to his claim
20 that Sheriff Gillespie personally acted to cause a violation of Plaintiff's Constitutional rights by
21 allegedly denying medical care... [and] it appears that Sheriff Gillespie in fact <u>did</u> not have any
22 personal involvement with regard to any decision making as it pertains to medical treatment for
23 Plaintiff." (#22, p. 3, emphasis in original).

24     "A person 'subjects' another to the deprivation of a constitutional right, within the meaning
25 of section 1983, if he does an affirmative act, participates in another's affirmative acts, or omits
26 to perform an act which he is legally required to do that causes the deprivation of which
27 complaint is made." *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978). "The requisite causal

28

3

connection can be established not only by some kind of direct personal participation in the deprivation, but also by setting in motion a series of acts by other which the actor know or reasonably should know would cause others to inflict the constitutional injury." *Id*. "Liability under [section] 1983 arises only up on a showing of personal participation by the defendant. A supervisor is only liable for the constitutional violations of...subordinates if the supervisor participated in or directed the violations, or knew of the violations and failed to act to prevent them. There is no respondeat superior liability under [section] 1983." *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989).

Plaintiff fails to explain how Sheriff Gillespie was personally involved in his medical care. It is not clear if defendant was even aware of plaintiff's medical problems. Plaintiff states that he made numerous requests to be treated by medical staff while he was housed at CCDC. However, plaintiff never specifies to whom these requests were made or if he ever spoke to defendant directly about his medical care, or the failure of CCDC staff to respond to his grievances. The court cannot assume that defendant had knowledge of plaintiff's medical conditions or whether plaintiff was being treated while at CCDC. Defendant's position of authority does not demonstrate that he had any personal involvement in decisions regarding plaintiff's health and medical treatment. As section 1983 liability arises only if a defendant personally subjected another to the deprivation of a constitutional right, there is no indirect supervisory or *respondeat superior* liability. Plaintiff does not allege that defendant was personally involved in denying him medical care; therefore, defendant's motion to dismiss (#19) is granted.[3]

### III. CONCLUSION

Based on the foregoing and for good cause appearing, the court concludes that plaintiff has failed to state a claim upon which relief can be granted because Sheriff Gillespie was not

---

[3] Defendant also argues that plaintiff does not have standing to assert a claim under the Eighth Amendment because, as a pre-trial detainee, the Fourteenth Amendment would apply to any claim plaintiff has for insufficient medical care (#19). Although the court agrees that medical claims by pre-trial detainees should be brought under the Fourteenth, rather than the Eighth Amendment, plaintiff appears to have brought his complaint under both the Eighth and Fourteenth Amendments (#11, p. 4). However, the court need not address this argument because the motion to dismiss was granted on other grounds.

4

1 personally involved in providing or denying any medical care to plaintiff. As such, the court
2 respectfully recommends that defendants' motion to dismiss (#19) be **GRANTED**.

3    The parties are advised:

4    1.  Pursuant to 28 U.S.C. § 636(b)(1)(c) and Rule IB 3-2 of the Local Rules of Practice,
5 the parties may file specific written objections to this report and recommendation within ten days
6 of receipt.  These objections should be entitled "Objections to Magistrate Judge's Report and
7 Recommendation" and should be accompanied by points and authorities for consideration by the
8 District Court.

9    2.  This report and recommendation is not an appealable order and any notice of appeal
10 pursuant to Fed. R. App. P. 4(a)(1) should not be filed until entry of the District Court's
11 judgment.

## IV.  RECOMMENDATION

**IT IS THEREFORE RECOMMENDED** that defendants' motion to dismiss (#19) be **GRANTED**.

**DATED:** June 1, 2009.

_____
**UNITED STATES MAGISTRATE JUDGE**

5